IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Santiago Teran, ) | |
| ) | Civil Action No.: 5:14-cv-4728-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Maria Cruz, Warden; Tim Johnson, ) | |
| AWCOS; Victor Loranth, Md. Dirt.; and ) | |
| Gloria Urrea, HSA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that Defendants' motion for summary judgment be granted and the case be dismissed. (Dkt. No. 58). For the reasons below, the Court adopts the R & R as the order of the Court, grants the motion for summary judgment, and dismisses the action.

## Legal Standard

The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is

1

no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

For a prisoner to state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendants acted with deliberate indifference to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective component can be demonstrated by showing that the defendant acted with deliberate indifference. This requires more than a showing of medical negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Rather, a prison official must demonstrate deliberate

indifference by "completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 Fed. App'x 786, 787 (4th Cir. 2013). Mere disagreement between the prisoner and prison officials regarding the proper treatment required does not constitute deliberate indifference. The Constitution requires only that the prisoner receive adequate medical care and is not guaranteed treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The fact that a prisoner believes he had a more serious injury or that he required better treatment does not establish a constitutional violation. *King v. United States*, 536 Fed. App'x 358, 362–63 (4th Cir. 2013).

## Discussion

The Magistrate Judge has ably and thoroughly discussed the extensive medical record and the relevant medical conditions and procedures in this matter. The Court finds it unnecessary to repeat it in full. Plaintiff alleges that he was diagnosed with a hiatal hernia in May 1996 and that a doctor recommended surgery in July 1996. He was an inmate at FCI Terminal Island at that time. Plaintiff was later transferred to another facility, and in 2009 he was transferred to FCI Williamsburg, where he currently resides.

Plaintiff alleges that he informed Defendant Loranth of his hiatal hernia and requested surgery for the hernia when he arrived at FCI Williamsburg in 2009. Loranth allegedly told Plaintiff that he did not need the surgery. After several more interactions with other Defendants for issues related to the hernia (and several other medical complaints), Plaintiff ultimately underwent surgery for the hernia on December 17, 2014.

The gravamen of Plaintiff's constitutional claim is that the five-year delay between when he brought his hiatal hernia to prison officials' attention and when he received the surgery

3

constitutes deliberate indifference to inmate health in violation of the Eight Amendment. However, delay alone does not automatically trigger deliberate indifference. *See King v. United States*, 536 Fed. App'x 358, 362–63 (4th Cir. 2013). As the voluminous record shows, plaintiff received medical attention for his complaints on numerous occasions from 2009 through 2014. (*See* Dkt. Nos. 39-6, 39-7, 39-9). And, as his medical records show, doctors did not consider the surgery to be medically necessary until August 2014. (Dkt. No. 39-7 at 62). Finally, despite the medically necessary designation, the surgery was not deemed to be an emergency. (*Id.*).

A liberal reading of Plaintiff's *pro se* objections suggests that he believes that surgery for his hiatal hernia constituted a "serious medical need." (*See* Dkt. No. 61 at 3 (noting that serious medical needs need not be life-threatening)). This is Plaintiff's sole non-conclusory objection to the R & R's findings.

Assuming, *arguendo*, that the hiatal hernia was indeed a serious medical need, Plaintiff has made no showing that the defendants were deliberately indifferent to this need. To the contrary, the magistrate Judge's thorough summary of the medical record makes it abundantly clear that Plaintiff received timely and attentive care for all of his complaints, not just the hernia. (*See, e.g.*, Dkt. No. 39-6 at 50 (noting that Plaintiff had oral surgery during this timeframe where a "lump was removed from [his] left lower jaw/gum area.")). Although Plaintiff may have desired a different course of treatment or an earlier surgery date, his desires alone do not transform a non-emergency surgery that actually takes place into deliberate indifference in violation of the Eight Amendment's proscription against cruel and unusual punishment.

## Conclusion

The Magistrate Judge reasonably and correctly concluded that Plaintiff has failed to state a valid constitutional claim against any of the named Defendants and that they are entitled to

4

judgment as a matter of law. After a careful review of Plaintiff's objections, the Court is unpersuaded that the R & R does not correctly set forth the material facts and proper conclusions of law. Therefore, the Court ADOPTS the R & R (Dkt. No. 58) as the order of the Court, GRANTS Defendants' motion for summary judgment (Dkt. No. 39), and DISMISSES this action with prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 13, 2016
Charleston, South Carolina

5